IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCOIS HOLLOWAY, | : | |
| Plaintiff, | : | 3:14-cv-0016 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| RONNIE HOLT, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

Plaintiff, Francois Holloway, an inmate formerly confined at the Canaan United

States Penitentiary in Waymart, Pennsylvania, ("USP-Canaan"),[1] initiated this *Bivens*[2] action

pursuant to 28 U.S.C. § 1331. (Doc. 1). The named Defendants are two former employees

of USP-Canaan: Ronnie Holt, retired Warden, and Kevin Mann, retired Recreation

Supervisor. (*Id.* at p. 2). Plaintiff sets forth an Eighth Amendment deliberate indifference

claim concerning an injury to his leg while using a stationary bicycle at USP-Canaan. (*Id.* at

pp. 4-7). Plaintiff further alleges that Defendant Mann retaliated against him for filing

administrative remedies related to his alleged injury from the stationary bicycle. (*Id.*).

Specifically, Plaintiff alleges that Defendant Mann had him fired from his prison job in the

recreation department and confiscated a photograph from him. (*Id.* at p. 6).

---

[1] Plaintiff is currently confined at the Fishkill Correctional Facility in Beacon, New York. *See* (Doc. 28).

[2] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). A *Bivens*-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." *See Banks v. Roberts*, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

On June 9, 2014, Defendants filed the instant motion to dismiss and/or, in the alternative, for summary judgment. (Doc. 14). Subsequently, on June 18, 2014, Defendants filed a statement of material facts, along with a supporting brief and exhibits. (Docs. 16, 17).

By Order dated September 5, 2014, Plaintiff was directed to file a brief in opposition to the motion to dismiss and/or, in the alternative, for summary judgment.[3] (Doc. 25). The Order warned Plaintiff that "failure to file his opposition within the required time will result in the motion being deemed unopposed and addressed on the merits." (Doc. 25, p. 2). Plaintiff failed to file a brief in opposition. Accordingly, the motion will be deemed ripe for disposition and, for the reasons set forth below, will be granted.

## I.    STANDARDS OF REVIEW

### A.    *Bivens Standard*

Plaintiff's claims are filed pursuant to 28 U.S.C. § 1331, in accordance with *Bivens*, 403 U.S. 388. Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor. *Bivens*, 403 U.S. 388. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the

---

[3]    Due to Plaintiff's failure to advise the Court of a change in address, the September 5, 2014 Order was initially returned to the Court as undeliverable. *See* (Doc. 26). On December 1, 2014, Plaintiff provided the Court with his accurate address and the September 5, 2014 Order was resent to Plaintiff that same date. *See* (Doc. 28); *see also* Docket Entry dated December 1, 2014.

general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978); *George v. Rehiel*, 738 F.3d 562, 569 n.7 (3d Cir. 2013). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F. Supp. 1185, 1200 n.16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young*, 809 F. Supp. at 1199.

### B. Motion to Dismiss

In rendering a decision on a motion to dismiss, a court must accept the veracity of plaintiff's allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). A court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims" and must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them. *Indep. Enterprises, Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1168 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). "[A] complaint should not be dismissed for failure to state a claim unless it appears

3

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The test is whether,

under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. *Holder*

*v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993). "The burden is on the moving party

to show that there is no actionable claim." *Javorski v. Nationwide Mutual Ins. Co.*, 2006

U.S. Dist. LEXIS 53480, \*19 (M.D. Pa. 2006) (Conaboy, J.).

  In this case, Defendants have framed their motion as one seeking dismissal under

Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or, in the alternative, for summary

judgment pursuant to Rule 56. *See* (Doc. 14). When a party moves to dismiss, but where

"matters outside the pleadings are presented to and not excluded by the court, the motion

must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

Typically, when a court converts a motion to dismiss into a motion for summary judgment

under Rule 56, notice must be given to all parties of the Court's intent to do so. *Id.*; *Garcia*

*v. Newtown Twp.*, 2010 WL 785808, at \*3 (E.D. Pa. 2010). However, if a motion to dismiss

has been filed with an alternative request for summary judgment, the Third Circuit Court of

Appeals has found that the alternative filing is sufficient to "place the parties on notice that

summary judgment might be entered." *Latham v. United States*, 306 Fed. Appx. 716, 718

(3d Cir. 2009) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996)). Accordingly,

with respect to the issues of timeliness and exhaustion of administrative remedies where

4

Defendants rely upon matters outside the pleadings, this Court will treat Defendants' motion as one for summary judgment.

> C.    *Motion for Summary Judgment*

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

5

(1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 Fed. Appx. 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, \*2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

## II.    STATEMENT OF UNDISPUTED FACTS

Rule 56 of the Federal Rules of Civil Procedure provides: "If a party fails to properly

support an assertion of fact or fails to properly address another party's assertion of fact as

required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the

motion." FED. R. CIV. P. 56(e)(2).  Similarly, Middle District of Pennsylvania Local Rule 56.1

states: "[a]ll material facts set forth in the statement required to be served by the moving

party will be deemed to be admitted unless controverted by the statement required to be

served by the opposing party." M.D. Pa. L.R. 56.1.

Plaintiff failed to file a brief in opposition to Defendants' motion to dismiss and/or, in

the alternative, for summary judgment or a responsive statement of facts; therefore,

Defendants' statement of facts will be deemed admitted.  The undisputed facts, taken from

Defendants' statement of material facts, (Doc. 16), and declarations and exhibits submitted

therewith, are as follows.

Plaintiff is a federal inmate serving a sentence for conspiracy to operate a chop

shop, operating a chop shop, car jacking, and use of a firearm during a crime of violence.

(Doc. 16, Ex. 1, Declaration of Michael FiggsGanter, ¶ 2); (Doc. 16, Ex. 1, Attach. B, Public

Information Inmate Data).

The allegations giving rise to Plaintiff's complaint stem from incidents that occurred

when Plaintiff was confined at USP-Canaan.  (Doc. 16, Statement of Material Facts

7

("SMF"), ¶ 2). On March 27, 2010, Plaintiff was using a stationary bicycle in the recreation department at USP-Canaan when his foot slipped off the pedal due to a missing safety shield. (SMF, ¶ 2). The pedal struck Plaintiff's leg and caused an injury to the front of his leg. (SMF, ¶ 2); (Doc. 16, Ex. 1, Declaration of Michael FiggsGanter, ¶ 3).

Plaintiff was treated by health services on March 27, 2010 and it was noted that he suffered from minor bleeding on his right leg as a result of the incident in the recreation department. (Doc. 16, Ex. 1, Declaration of Michael FiggsGanter, ¶ 4). The examination report further noted that Plaintiff had three (3) lacerations on his right leg, however bleeding was controlled prior to his arrival at the health department, and the lacerations were cleaned and dressed. (Id.). When Plaintiff was treated two (2) days later at a follow-up examination, it was noted that his right leg had no infection, inflamation, or discharge. (Id. at ¶ 5). An additional examination on March 31, 2010, again revealed that Plaintiff's leg was healing properly and there was no sign of infection. (Id.). Plaintiff did not return to health services until June 16, 2011 for treatment of an unrelated issue. (Id.).

During Plaintiff's incarceration with the Bureau of Prisons ("BOP"), he filed seventy-eight (78) administrative remedies. (SMF, ¶ 10; Doc. 16, Ex. 1, Attach. C, Administrative Remedy Generalized Retrieval). Sixty (60) of those administrative remedies were filed prior to the incident in question and are therefore irrelevant, fifteen (15) are unrelated to the incident, and three (3) relate to Plaintiff's alleged injury sustained on the stationary bicycle.

8

See (Doc. 16, Ex. 1, Attach. C, Administrative Remedy Generalized Retrieval).

On April 20, 2010, Plaintiff filed Administrative Remedy No. 587649-F1 at the institution level, claiming that he was injured on a faulty bicycle in the recreation department. (SMF, ¶ 10; Doc. 16, Ex. 1, Attach. C, Administrative Remedy Generalized Retrieval). On April 29, 2010, Administrative Remedy No. 587649-F1 was denied. (Id.).

On May 26, 2010, Plaintiff filed Regional Administrative Remedy Appeal No. 587649-R1 with staff at the BOP's Northeast Regional Office, claiming that he was injured on a faulty bicycle in the recreation department. (Id.). On May 1, 2010, Plaintiff's appeal of Administrative Remedy No. 587649-R1 was denied. (Id.).

On July 26, 2010, Plaintiff filed Central Office Administrative Remedy Appeal No. 587649-A1 with staff in the BOP's Office of General Counsel, claiming that he was injured on a faulty bicycle in recreation. (Id.). On August 9, 2010, Central Office Administrative Remedy Appeal No. 587649-A1 was denied. (Id.).

Although Plaintiff filed seventy-eight (78) administrative remedies while in BOP custody, his administrative remedy history does not reveal any filings regarding complaints that Defendant Mann retaliated against him for his complaints about the faulty bicycle, that Defendant Mann confiscated a photograph from him, or that he lost a prison job in the recreation department. See (Doc. 16, Ex. 1, Attach. C, Administrative Remedy Generalized Retrieval).

Plaintiff filed the instant action in which he seeks injunctive relief, as well as compensatory and punitive damages, raising an Eighth Amendment deliberate indifference claim, a retaliation claim and an equal protection claim, based on Defendants' conduct, which Plaintiff claims gives rise to relief pursuant to 28 U.S.C. § 1331. (Doc. 1).

## III.   DISCUSSION

### A.   Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. See FED. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 341 (3d Cir. 1982). In deciding whether to dismiss a case pursuant to Rule 41(b), the court must consider the factors identified in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The six (6) factors include:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868. Not all of the *Poulis* factors need be satisfied to dismiss a complaint. See *Shahin v. Delaware*, 345 Fed. Appx. 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

First, in the present matter, Plaintiff is *pro se* and is solely responsible for not filing an

10

opposition brief or responsive statement of material facts. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, *7 (M.D. Pa. 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions.").

Second, Defendants are prejudiced by Plaintiff's inaction because they "cannot defend an action that Plaintiff[] do[es] not pursue." *Taliaferro v. Darby Twp. Zoning Bd.*, 2008 U.S. Dist. LEXIS 55695, *7 (E.D. Pa. 2008) (dismissing the complaint pursuant to Rule 41(b)).

Third, Plaintiff appears to have history of dilatoriness. The instant motion to dismiss and/or, for summary judgment, was filed nearly nine (9) months ago. On September 5, 2014, this Court entered an Order, (Doc. 25), directing Plaintiff to respond, however he has failed to file an opposition brief or a responsive statement of material facts. Additionally, Plaintiff never requested an enlargement of time within which to do so. *See Binkley v. Rendell*, 2012 U.S. Dist. LEXIS 89510, *7 (M.D. Pa. 2012) (concluding that the plaintiff's dilatoriness of less than one month in filing a brief in opposition outweighed any of the other considerations set forth in *Poulis*).

Fourth, this Court finds that Plaintiff's decision not to file a brief in opposition to Defendants' motion or a responsive statement of material facts is willful. *See Crouse v. W. Leb. Twp.*, 2006 U.S. Dist. LEXIS 25972, *4 (M.D. Pa. 2006) (concluding, "plaintiff's failure to comply with the order of court directing him to file responses to the pending motions and

11

advising that inaction may result in dismissal of the complaint ... constitutes willful disregard of the court's authority").

Fifth, because Plaintiff is indigent, this Court finds that alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, \*5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"); *Shilala v. SCI Albion*, 2012 U.S. Dist. LEXIS 95887, \*7 (W.D. Pa. 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.").

Lastly, it is unlikely that Plaintiff's claims will succeed against the Defendants as his Eighth Amendment claim is time-barred and he has failed to exhaust administrative remedies with respect to two other claims. *See Seeley ex rel. Shepard v. Derr*, 2014 WL 1024861, \*4 (M.D. Pa. 2014) (regarding the sixth *Poulis* factor, the Court stated, "it may well be that this claim was both untimely filed, and then untimely pursued, yet another factor which weighs in favor of dismissal of this action under *Poulis*"); *Pozoic v. Cumberland County Prison*, 2012 U.S. Dist. LEXIS 4202, \*9 (M.D. Pa. 2012) (in analyzing the sixth *Poulis* factor, this Court stated that it could not find that the complaint would be successful on the merits because the plaintiff failed to exhaust administrative remedies before bringing his claim. The complaint was dismissed pursuant to Rule 41(b)), *citing Smith v. Pa. Dep't of Corr.*, 2011 U.S. Dist. LEXIS 113542, \*28 (W.D. Pa. 2011) ("Federal courts are barred from

12

hearing a claim if a plaintiff has failed to exhaust all the available remedies.").

Consequently, the *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for failure to prosecute. Regardless, for the following reasons, this Court finds that Plaintiff's Eighth Amendment claim is time-barred and Plaintiff failed to exhaust administrative remedies concerning his retaliation and equal protection claims. Thus, the Court will grant Defendants' motion.

   B.   *Statute of Limitations Concerning the Eighth Amendment Claim*

In *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462 (1975), the Supreme Court stipulated that there is no federal statute of limitations for civil rights actions. *See also Owens v. Okure*, 488 U.S. 235 (1989); *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 117-18 (3d Cir. 1985). In applying the statute of limitations to a *Bivens*-type civil rights action, a federal court must employ the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n.9 (3d Cir. 1996). *See also Peguero v. Meyer*, 520 Fed. Appx. 58 (3d Cir. 2013) (noting that the statute of limitations for a § 1983 action and a *Bivens* action are both governed by the state statute of limitations for personal injury claims). The *Wilson* Court clarified that courts considering federal civil rights claims "should borrow the general or residual [state] statute for personal injury actions." *Owens*, 488 U.S. at 250; *Little v. Lycoming County*, 912 F. Supp. 809, 814 (M.D. Pa. 1996). Pennsylvania's

13

applicable personal injury statute of limitations is two (2) years. *See* 42 Pa. C.S.A. §

5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).

However, the date when a cause of action accrues is still a question of federal law.

*Smith v. Wambaugh*, 887 F.Supp. 752, 755 (M.D. Pa. 1995). Under federal law, a civil

rights cause of action accrues, and the statute of limitations begins to run, when the plaintiff

"knew or should have known of the injury upon which [the] action is based." *Sameric Corp.*

*of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (section 1983

action). The limitations period begins to run if a plaintiff has sufficient notice to place him on

alert of the need to begin investigating. *Gordon v. Lowell*, 95 F. Supp. 2d 264, 272 (E.D.

Pa. 2000). Under *Gordon*, a "claim accrues upon knowledge of the actual injury, not that

the injury constitutes a legal wrong." *Id.*

The complaint alleges that "[o]n March 27, 2010 the Plaintiff was exercising his right

to use the exercise equipment (stationary bikes) in the recreation department, after 15-20

[minutes] of using this equipment, Plaintiff's foot slip[ped] from the pedal in which the safety

guard had been removed" causing the bike pedal to cut Plaintiff's right leg. (Doc. 1, p. 5).

Thus, the claims set forth in Plaintiff's complaint stem from Defendants' alleged failure to

properly maintain the exercise bikes, resulting in his injury on March 27, 2010. Plaintiff's

complaint is signed and dated March 10, 2013 and he indicates that the complaint was

placed in the mail on March 12, 2013, three (3) years after the alleged injury. *See* (Doc. 1,

pp. 1, 7). However, the complaint was not received in this Court until January 7, 2014,

nearly four (4) years after the alleged injury. Pursuant to the prison mailbox rule, prisoner

filings are considered filed on the date the prisoner certifies they were placed in the prison

mail system for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988) (commenting

that if there is a delay in a *pro se* prisoner's filing that he suspects is attributable to the

prison authorities, he is unlikely to have any means of proving it; and holding that in light of

a *pro se* prisoner's inability to control the prison's mail service, a document is deemed filed

when he delivers it to prison authorities). Out of an abundance of caution, the Court will

deem the complaint filed as of March 10, 2013, the date Plaintiff signed the complaint.

To the extent that Plaintiff may assert that the statute of limitations was tolled when

he was pursuing administrative remedies, the claim is nevertheless time-barred. On April

10, 2010, Plaintiff filed an administrative remedy concerning the alleged injury he sustained

while using an exercise bicycle. (Doc. 16, SMF ¶¶ 10, 12; Doc. 16, Ex. 1, Attach. C,

Administrative Remedy Generalized Retrieval). The administrative remedy process

concluded on August 9, 2010, when the Central Office denied Plaintiff's appeal. (Doc. 16,

SMF ¶¶ 11, 12; Doc. 16, Ex. 1, Attach. C, Administrative Remedy Generalized Retrieval).

Even if the Court were to assume the statute of limitations was tolled during this time period,

the complaint was nonetheless filed beyond the two-year statute of limitations.

As evidenced by Plaintiff's allegations in the instant complaint, he was aware of his

alleged injuries in March 2010. Thus, Plaintiff's Eighth Amendment claim related to his

alleged injury on March 27, 2010 is clearly time-barred. There are no facts or allegations

asserted regarding any impediment which may have prevented the timely filing of this

action. Further, there are no averments of law or fact which could support the tolling of the

statute of limitations. Consequently, since this claim is barred by the applicable statute of

limitations, Defendants are entitled to summary judgment on this claim.

C.      Exhaustion Concerning Retaliation and Equal Protection Claims

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended 42 U.S.C. § 1997e,

requires prisoners to present their claims through an administrative grievance process

before seeking redress in federal court. The Act specifically provides, "[n]o action shall be

brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate

must comply with the PLRA exhaustion requirement as to any claim that arises in the prison

setting, regardless of the nature of the claim or of the relief sought. *Porter v. Nussle*, 534

U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[I]t is beyond the

power of ... any ... [court] to excuse compliance with the exhaustion requirement, whether

on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73

(3d Cir. 2000). Failure to exhaust administrative remedies is an affirmative defense that

16

must be pled and proven by the defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (reasoning that "[p]rison officials are likely to have greater legal expertise and, as important, superior access to prison administrative records in comparison to prisoners").

Further, the PLRA mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court, which demands compliance with an agency's deadlines and other procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004) (concluding that the PLRA includes a procedural default component); *Rivera v. Pa. Dep't of Corr.*, 388 Fed. Appx. 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies *prior* to filing a civil action in federal court.") (emphasis added). A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. *McKinney v. Kelchner*, 2007 U.S. Dist. LEXIS 71958, *8 (M.D. Pa. 2007) (citing *Spruill*, 372 F.3d at 227-32; *Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000)).

The Bureau of Prisons has established an Administrative Remedy Procedure through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter. This procedure applies to all inmates confined in Bureau of Prisons institutions. 28 C.F.R. § 542.10. Inmates are to informally present their complaints to the staff and the staff must attempt to

17

resolve the matter. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate must then execute the appropriate form to bring the matter to the attention of the warden. 28 C.F.R. § 542.14(b). The warden must then respond to the inmate's complaint within twenty (20) days. *Id.* at § 542.18. If an inmate is dissatisfied with the warden's response, he may then appeal to the Regional Director. *Id.* at § 542.15. If the response of the Regional Director is not satisfactory, the inmate may then appeal to the Central Office of the Federal Bureau of Prisons, which is the final administrative appeal in the Bureau of Prisons. *Id.*

Defendants contend that they are entitled summary judgment because Plaintiff failed to properly exhaust his available administrative remedies regarding his retaliation and equal protection claims prior to filing the instant action. (Doc. 17, pp. 10-13). Defendants have produced uncontroverted evidence which reveals that, while Plaintiff has exhausted his Eighth Amendment claim regarding the leg injury, there is no record evidence that he ever filed an administrative remedy regarding his retaliation and equal protection claims. Thus, it is evident that Plaintiff failed to follow the procedural requirements of the BOP. Plaintiff's failure to pursue the appropriate administrative process with respect to these claims precludes the litigation of such claims.

As discussed above, Plaintiff filed seventy-eight (78) administrative remedies while in BOP custody. The only administrative requests relevant to this action pertain to Plaintiff's

18

alleged injury from a faulty bicycle in the recreation department. *See* (Doc. 16, Ex. 1, Attach. C, Administrative Remedy Generalized Retrieval). A review of the BOP SENTRY report reveals that Plaintiff did not file any administrative remedies complaining that Defendant Mann retaliated against him for his complaints about the faulty bicycle, that Defendant Mann confiscated photographs from him, or that he lost a prison job in the recreation department. (*Id.*). *See Germosen v. Reno*, 2000 U.S. Dist. LEXIS 23146, *16-17 (M.D. Pa. 2000) (Vanaskie, J.), *aff'd*, 90 Fed. Appx. 435 (Table) (3d Cir. 2003) (a prisoner must exhaust administrative remedies on each claim raised in his complaint). Notably, Plaintiff failed to complete the administrative remedy process regarding any claim after the Central Office denied his appeal pertaining to the faulty bicycle on August 9, 2010. (SMF ¶ 16); (Doc. 16, Ex. 1, Attach. C, Administrative Remedy Generalized Retrieval).

Michael FiggsGanter, Attorney Advisor for the BOP, declared under penalty of perjury that a review of the Department records confirmed that Plaintiff filed seventy-eight (78) administrative remedies while in BOP custody, but never filed a remedy complaining that Defendant Mann retaliated against him. (Doc. 16, Ex. 1, Declaration of Michael FiggsGanter, ¶¶ 9, 10). In fact, he noted that Plaintiff did not file any administrative remedies referencing Defendant Mann. (*Id.*).

The record clearly discloses that Plaintiff exhausted only his Eighth Amendment claim. Plaintiff failed to provide any evidence that he exhausted the available administrative

remedies concerning his retaliation and equal protection claims and thus has sustained a procedural default with respect to these claims. Accordingly, as Plaintiff failed to properly exhaust his administrative remedies before filing this action, Defendants are entitled to summary judgment with respect to these two claims. *See Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) ("[A] prisoner must exhaust all available administrative remedies prior to filing suit, including a *Bivens* action").

### D. Respondeat Superior Concerning Defendant Holt

"In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law." *Azzara v. Scism*, 2012 WL 722342, *2 (M.D. Pa. 2012) (Nealon, J.), *citing West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992); *Sharpe v. Costello*, 2007 WL 1098961, *3 (M.D. Pa. 2007). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)); *Mitchell v. Beard*, 492 Fed. Appx. 230, 235 (3d Cir. 2012) (finding that the prisoner's allegations against four of the DOC defendants "that they are liable for improperly supervising those directly responsible for his injuries" were insufficient to state a claim). As explained in *Rode*:

20

A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode*, 845 F.2d at 1207.

With respect to Defendant Holt, the allegations in the complaint are insufficient to impose supervisor liability. Plaintiff specifically alleges that Defendant Holt was sued based on his supervisory role as Warden at USP-Canaan. (Doc. 1). Plaintiff states as follows, "[t]he defendant(s) Ronnie Holt [] is only mentioned because he was the Warden at the time of the injury and Mr. Mann's Boss/Supervisor". (Doc. 1, p. 2). In particular, Plaintiff does not allege that Defendant Holt was aware of any risk of harm related to the stationary bicycle, nor does he allege that Defendant Holt, as the Warden, participated in the administrative remedy process. *See Simonton v. Tennis*, 437 Fed. Appx. 60, 62 (3d Cir. 2011) (stating that "a prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right."); *Ferguson v. Sniezek*, 2013 U.S. Dist. LEXIS 107441, *29-30 (M.D. Pa. 2013) (Rambo, J.) (explaining that a civil rights complaint must allege personal involvement). Thus, Plaintiff cannot maintain a cause of action against Defendant Holt based on a theory of *respondeat superior* and this claim will be dismissed.

### E.   Equal Protection Claim

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike'." *Artway v. Attorney General of State of N.J.*, 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)). *See also United States v. Armstrong*, 517 U.S. 456 (1996) (holding that the Equal Protection Clause prohibits decision to prosecute based on an unjustifiable standard such as race, religion, or other arbitrary classification).

To demonstrate an equal protection violation, an inmate has the burden of proving the existence of purposeful discrimination. *Hernandez v. New York*, 500 U.S. 352 (1991); *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). Official action does not violate the Equal Protection Clause solely because it results in a disproportionate impact; proof of discriminatory intent or purpose is required to show a violation. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977); *Washington v. Davis*, 426 U.S. 229, 239 (1977); *Stehney v. Perry*, 101 F.3d 925, 938 (3d Cir. 1996). Discriminatory purpose implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker selected a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable

group. *Hernandez*, 500 U.S. at 360. An inmate must offer evidence specific to his own case that would support an inference that unlawful considerations played a part in the adverse decision. *McCleskey*, 481 U.S. at 293.

As stated *supra*, pages 16-20, Plaintiff failed to exhaust administrative remedies regarding any equal protection claim. Moreover, the complaint fails to allege any facts from which it can be concluded that Defendants engaged in intentional or purposeful discrimination or that Plaintiff was treated differently than other similarly situated prisoners. The only allegation relating to an Equal Protection Claim is a general statement that "[t]his complaint is brought under the Eight[h] and the First Amendment, also the equal protection clause. It is based on the deprivation and denial of Bureau policy, in which safety and protection will be afforded equally to all concerned." (Doc. 1, p. 4). Plaintiff has failed to set forth any factual allegations in support of this claim. In short, there is no cognizable equal protection claim stated. Additionally, Plaintiff has not stated any specific acts taken by Defendants to show any discriminatory animus attributable to them. Thus, the equal protection claim fails.

## IV.    CONCLUSION

Despite being ordered to respond to Defendants' motion to dismiss and/or, in the alternative, for summary judgment, Plaintiff failed to respond. Defendants' motion is therefore deemed unopposed.

Rule 41(b) of the Federal Rules of Civil Procedure allows a Court to dismiss an action for a plaintiff's failure to comply with procedural rules or Orders of the Court. This Court specifically directed Plaintiff to file a brief in opposition to Defendants' motion, but he failed to comply. The *Poulis* factors weigh in favor of dismissing Plaintiff's complaint for failure to prosecute. However, this Court has considered Defendants' arguments and finds that the motion for summary judgment should be granted.

An appropriate Order follows.

Date:  March 2nd, 2015

Robert D. Mariani
United States District Judge